The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner W. Bain Jones and the briefs and arguments on appeal. Additionally, the Full Commission has reviewed the evidence submitted by defendants' and their Motion that this evidence should be admitted into the record.
With regards to Defendant's Motion, the Full Commission finds that they have failed to provide good grounds to admit the proffered evidence into the record pursuant to Workers' Compensation Rule 701(7), and therefore, said Motion is DENIED. Further, although the entire record of evidence, along with that submitted by defendants, has been reconsidered by the Full Commission, as the appealing party, defendants have not shown good ground to amend the holding of the prior Opinion and Award. The Full Commission has made some minor modifications relating to plaintiff's compensation rate.
************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Defendants were given notice as to this hearing on 18 October 1996. Notice was given by certified mail as to the time, date and place of this hearing. Defendants did not appear for the hearing.
2. Defendants are in violation of the Order from the Executive Secretary compelling discovery. Discovery was to have been provided by 22 April 1996.
3. Defendants are uninsured.
4. Defendants are doing business as Warren's Joy Dog Food. This business employs three or more people and are subject to the North Carolina Workers' Compensation Act.
5. Plaintiff is married and has two children. He has a tenth grade education.
6. Plaintiff began working for the defendants in February, 1995. Plaintiff's primary responsibilities were to drive a delivery truck. Plaintiff regularly made deliveries to various stores.
7. Plaintiff was employed by defendant and worked eight hours a day.
8. Plaintiff's average weekly wage in this matter is $235.00, yielding a compensation rate of $156.74.
9. On 10 November 1995, plaintiff was working with two other individuals jacking up bags so that they would be able to be loaded onto the delivery truck. The approximate weight of each of these bags was forty to fifty pounds. While plaintiff was loading these bags, he sustained an injury by accident when he felt a sharp pain in his lower back.
10. Plaintiff has received medical treatment related to his lower back injury. His primary physician for this treatment has been Dr. Charles C. Harvell.
11. Plaintiff remained unemployed from the time he left defendants until July, 1996 when plaintiff became employed by Tim Whitehurst.
12. Plaintiff has been released to return to restrictive duty with a twenty pound lifting restriction.
13. Plaintiff's treating physician, James C. Harvell, has given plaintiff a permanent partial disability rating of fifteen percent to his back.
**************
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Defendants are subject to and bound by the provisions of the North Carolina Workers' Compensation Act and an employment relationship existed between plaintiff and defendant-employer at all relevant times. G.S. § 97-2.
2. Defendant-employer has failed to secure the payment of compensation under the Workers' Compensation Act and refused to secure such compensation. Failure of defendants to secure liability insurance subjects defendants to a fine. G.S. § 97-94.
3. As a result of his compensation injury on 10 November 1995, plaintiff has a fifteen percent permanent partial disability rating of his back, for which plaintiff is entitled to compensation at a rate of $156.74. per week, for a period of forty-five weeks. G.S. § 97-31(23). See Burwell v. Winn-DixieRaleigh, 114 N.C. App. 69, 441 S.E.2d 145 (1994).
4. Plaintiff is entitled to all medical treatment relating to his back injury of 10 November 1995. G.S. § 97-25.
**************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. For his fifteen percent permanent partial disability rating of the back, defendants shall pay permanent partial disability compensation to plaintiff at a rate of $156.74 per week, for a period of forty-five weeks. Said amount shall be paid to plaintiff in a lump sum, subject to the attorney fee approved in paragraph five.
2. Defendants shall pay all medical expenses incurred by plaintiff relating to his compensable injury on 10 November 1995, when bills for the same have been approved according to procedures established by the Industrial Commission.
3. Defendants shall pay a penalty for each day that they have been uninsured in the amount of $50.00 a day per week for each day of refusal or neglect to secure Workers' Compensation coverage. However, this fine is hereby remitted on the condition that defendant pay plaintiff's future medical expenses relating to his 10 November 1995 injury by accident.
4. In the event that defendant fails to do so, the fine shall be immediately referred to the office of the Attorney General of North Carolina for enforcement.
5. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph one of this award is approved for plaintiff's counsel and shall be paid in lump sum.
6. Defendant shall pay the costs.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________ DIANNE C. SELLERS COMMISSIONER
S/ ____________ COY M. VANCE COMMISSIONER